## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHRISTINE KRUMM, individually and on behalf of all others similarly situated, | **CASE NO. 4:19-cv-00182** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| KITTRICH CORPORATION, | |
| Defendant. | |

Plaintiff Christine Krumm ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendant Kittrich Corporation ("Defendant").

## FACTUAL ALLEGATIONS

1. This is a class action lawsuit on behalf of purchasers of Ecosmart Insect Repellent (the "Product" or "EcoSmart") in the United States.

2. Defendant represents that the Product is an "insect repellent" that "keeps away mosquitoes" and "repels for hours."  The instructions direct users to "apply every 2-3 hours."



1



      3.      Unfortunately for consumers however, the Product is a complete sham.  Scientific evidence shows that the Product does not repel mosquitoes.  The product is ineffective and worthless.  For example, in 2015, Consumer Reports conducted independent arm-in-cage testing which showed that the Product provided little to no efficacy whatsoever against mosquitos.  This led to Consumer Reports ranking the Product "poor" against repelling mosquitos.  Consumer Reports also commissioned independent testing in 2016, and again, the Product was ranked "poor" in repelling mosquitos.  This led to Consumer Reports assigning the Product an overall effectiveness rating of 5 out of 100.

2

3

4. Furthermore, independent laboratory testing commissioned by Plaintiff's counsel in early 2018 revealed that the Product was ineffective in repelling Aedes mosquitoes and Culex mosquitoes – the two most worrisome and common species of mosquitoes found in the United States.  Defendant's Product failed the laboratory testing almost immediately.  All of the test subjects were bitten by both species of mosquitoes within the first testing interval—half an hour. This is a stark contrast from Defendant's representation that the Product should be applied "every 2-3 hours." Photographs of some of the Product's test subjects being bitten by mosquitoes shortly after application of the Product are shown below:





5.      Upon information and belief, Defendant has sold hundreds of thousands of units of the Product by promising consumers an effective bug repellent.

6.      Plaintiff is a purchaser of the Product who asserts claims on behalf of herself and similarly situated purchasers of the Product for violations of the consumer protection laws of Missouri, violation of the Magnuson-Moss Warranty Act, unjust enrichment, breaches of express and implied warranty, and fraud.

**PARTIES**

7.      Plaintiff Christine Krumm, is, and at all times relevant to this action has been, a resident of St. Louis, Missouri.  Ms. Krumm purchased the Product from a Shop 'n Save store in St. Louis, Missouri in or about the Summer of 2016 for approximately $6.  Prior to purchase, Ms. Krumm carefully read the Product's labeling, including representations that the Product is an "insect repellent" that "keeps away mosquitoes" and "repels for hours."  Ms. Krumm believed these statements to mean the Product would keep away mosquitoes and relied on them in that she

4

would not have purchased the Product at all, or would have only been willing to pay a substantially reduced price for the Product, had she known that these representations were false and misleading. Ms. Krumm used the Product according to its directions and the Product was ineffective to repel mosquitos.

8. Defendant Kittrich Corporation is a Missouri corporation with its principal place of business at 1585 W. Mission Boulevard, Pomona CA 91766.

9. Defendant manufactures, markets, and distributes the Product throughout the United States.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from one Defendant.

11. This Court has personal jurisdiction over Defendant Kittrich Corporation because Defendant's principal place of business is in this District and because Defendant conducts substantial business within Missouri such that Defendant has significant, continuous, and pervasive contacts with the State of Missouri.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District (e.g., Plaintiff purchased and used the Product within this District, resides in within this District, and was exposed to Defendant's misleading representations within this District).

## CLASS REPRESENTATION ALLEGATIONS

13. Ms. Krumm seeks to represent a class defined as all persons in the United States who purchased EcoSmart Insect Repellent (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

14. Ms. Krumm also seeks to represent a subclass defined as all Class members who purchased EcoSmart Insect Repellent in Missouri (the "Missouri Subclass").

15. Members of the Class and Missouri Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Missouri Subclass number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

16. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendant's labeling, marketing and promotion of the Product is false and misleading.

17. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing and promotional materials and representations, purchased the Product, and suffered a loss as a result of that purchase.

18. Plaintiff is an adequate representative of the Class and Missouri Subclass because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to

prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

19. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**Violation of Missouri Merchandising Practices Act (Mo. Rev. Stat. § 407)**

20. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

21. Plaintiff Krumm brings this claim individually and on behalf of the Missouri Subclass against Defendant.

22. The conduct of Defendant as set for herein constitutes unfair or deceptive acts or practices, including, but not limited to, Defendant's manufacture and sale of EcoSmart Insect Repellent that is ineffective to repel mosquitos, which Defendant failed to adequately investigate, disclose, and remedy these misrepresentations.

23. Defendant's actions as set forth above occurred in the conduct of trade or commerce.

24. Defendant's actions impact the public interest because Plaintiff was injured in exactly the same way as thousands of others purchasing EcoSmart Insect Repellent as a result of Defendant's generalized course of deception. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business.

25. Plaintiff and the Missouri Subclass were injured as a result of Defendant's conduct. Plaintiff did not receive the benefit of her bargain in that EcoSmart Insect Repellent is ineffective to repel mosquitos.

26. Defendant's conduct proximately caused the injured to Plaintiff and the Missouri Subclass.

27. Defendants is liable to Plaintiff and the Missouri Subclass for damages in amounts to be proven at trial, including attorneys' fees, costs, and damages.

## COUNT II

### (Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*)

28. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

29. Plaintiff brings this case individually and on behalf of the members of the proposed Class against Defendant.

30. EcoSmart is a consumer product as defined in 15 U.S.C. § 2301(1).

31. Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

32. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

33. In connection with the sale of EcoSmart, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that it was an "insect repellent" that "keeps away mosquitoes" and "repels for hours." The period for effectiveness of the product was also stated in the directions: "apply every 2-3 hours."

8

34. In fact, EcoSmart is ineffective to repel mosquitoes.

35. By reason of Defendant's breach of warranty, Defendant violated the statutory rights due to Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq., thereby damaging Plaintiff and Class members.

36. Plaintiff and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased EcoSmart if they had known that EcoSmart was ineffective to repel mosquitos, and (b) they overpaid for EcoSmart on account of its misrepresentation that it is an "insect repellent" that "keeps away mosquitoes" and "repels for hours."

## COUNT III
### (Breach of Express Warranty)

37. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

38. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Missouri Subclass against Defendant.

39. In connection with the sale of the Product, Defendant, as the designers, manufacturers, marketers, distributors, and/or sellers, issued written warranties by representing that the Product was an "insect repellent" that "keeps away mosquitoes" and "repels for hours."

40. In fact, the Product does not conform to the above-referenced representations because the Product is ineffective at repelling mosquitoes.

41. Plaintiff and Class members were injured as a direct and proximate cause of Defendant's breach of express warranty because they would not have purchased the Product if they knew the truth about the product and its inability to repel mosquitoes, or would have only been willing to pay a substantially reduced price for the Product had they known the product was ineffective at repelling mosquitoes.

9

## COUNT IV
### (Breach of Implied Warranty of Merchantability)

42. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

43. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Missouri Subclass against Defendant.

44. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that that EcoSmart is merchantable as an insect repellent.

45. Defendant breached the warranty implied in the contract for the sale of EcoSmart because it could not "pass without objection in the trade under the contract description," the goods were not "of fair average quality within the description," the goods were not "adequately contained, packaged, and labeled as the agreement may require," and the goods did not "conform to the promise or affirmations of fact made on the container or label." See U.C.C. § 2-314(2) (listing requirements for merchantability).  As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

46. Plaintiff and Class members purchased EcoSmart in reliance upon Defendant's skill and judgment in properly packaging and labeling EcoSmart.

47. The products were not altered by Plaintiff or Class members.

48. The products were defective when they left the exclusive control of Defendant.

49. Defendant knew that EcoSmart would be purchased and used without additional testing by Plaintiffs and Class members.

50. EcoSmart was defectively designed and unfit for its intended purpose and Plaintiff and Class members did not receive the goods as warranted.

51. As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because they would not have

10

purchased EcoSmart if they knew the truth about the product and the product they received was worth substantially less than the product they were promised and expected.

## COUNT V
### (Unjust Enrichment)

52. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

53. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

54. Plaintiff and Class members conferred benefits on Defendant by purchasing the Product.

55. Defendant has knowledge of such benefits.

56. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of the Product. Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that the Product is an "insect repellent" that "keeps away mosquitoes" and "repels for hours."

57. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

## COUNT VI
### (Fraud)

58. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

59. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

60. As discussed above, Defendant misrepresented on the Product's labeling that it is an "insect repellent" that "keeps away mosquitoes" and "repels for hours."

61. The false and misleading representations and omissions were made with knowledge of their falsehood. Nonetheless, Defendant continues to sell their ineffective and worthless Product to unsuspecting consumers.

62. The false and misleading representations were made by Defendant, upon which Plaintiff and members of the proposed Class and Missouri Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the Class and Missouri Subclass to purchase the Product.

63. The fraudulent actions of Defendant caused damage to Plaintiff and members of the Class and Missouri Subclass, who are entitled to damages and other legal and equitable relief as a result.

## RELIEF DEMANDED

64. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

   a. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent members of the Class and Subclass;

   b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

   c. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

   d. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

   e. For prejudgment interest on all amounts awarded;

   f. For an order of restitution and all other forms of equitable monetary relief;

    g.    For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

    h.    For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated:  February 5, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Yitzchak Kopel*
      Yitzchak Kopel

Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail:  ykopel@bursor.com

*Attorneys for Plaintiff*